JAMES M. PINDER, as Administrator, etc., of ARTHUR PINDER, Deceased, Appellant, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent.

*Negligence — a boy who, kicked by the motorman from one car, without looking, crosses another track on which he is struck by a second car.*

In an action to recover damages resulting from the death of the plaintiff's intestate, a boy fourteen years of age, in which evidence is given tending to show that the boy, while riding on the front platform of one of the defendant's cars, was kicked from the car by the motorman and fell upon his back; that he picked himself up, turned and walked slowly and lame across the other track when he was struck by another of the defendant's cars which came up without warning at a very high rate of speed, and received injuries from which he died, it is error for the court to dismiss the complaint upon the ground that there was no evidence tending to show that the boy looked or listened before he attempted to cross the track, as it might very well be that the brutal treatment which the boy received from the motorman of the first car rendered him, for the moment, unable to exercise his faculties with normal acuteness, and that under the influence of the impaired condition thus wrongfully created by the defendant he could neither appreciate nor avoid the impending danger.

If the intestate was blameless for his act in stepping in front of the second car the jury might properly determine that the act of the motorman in kicking him off the first car was negligence imputable to the defendant, wholly independent of any question of negligence in the operation of the second car.

APPEAL by the plaintiff, James M. Pinder, as administrator, etc., of Arthur Pinder, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 19th day of January, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*Robert Stewart*, for the appellant.

*I. R. Oeland*, for the respondent.

HIRSCHBERG, J. :

Adopting the most favorable view of the evidence for the plaintiff it would seem to follow that the judgment of nonsuit should be reversed. The question determined by the court was one of fact and not of law, and it should, therefore, have been submitted to the jury.

The accident occurred on East Seventy-sixth street, Brooklyn, opposite Eppigg's Hotel, near Bergen Beach. The plaintiff's intestate, a bright, intelligent lad, fourteen years of age, was riding on the front platform of a Lorimer street car going in the direction of the beach. He was kicked off the car by the motorman and fell screaming upon his back. The car continued toward the beach. The boy picked himself up, turned and walked, slowly and lame, across the other track, when he was struck by a Nostrand avenue car coming from the beach, without warning and at a very high rate of speed, and received injuries from which he died that day.

The nonsuit appears to have been based chiefly upon the ground that there was no evidence given to prove that the boy looked or listened before he attempted to cross the track. Both cars were operated by the defendant, however, and there was nothing in the case to indicate that the motorman's act was justified in the slightest degree. It may very well be that the brutal treatment which the boy received, if wholly unprovoked and unexpected, resulting in a violent fall from a moving car upon his back upon the pavement, may have rendered him for the moment unable to exercise his faculties with normal acuteness, and that under the influence of the impaired condition thus wrongfully created by the defendant he could neither appreciate nor avoid the impending danger. The learned trial justice considered that but a step or two was required in order to place him in front of the car by which he was killed, and if the act of the motorman in the opinion of the jury did create a condition by which he was caused to walk at once in front of the oncoming car without realizing what he was doing or appreciating the danger he was incurring, the effect would be quite similar in principle as if the motorman had kicked him over to the other track and directly in front of that car.

The question of negligence in the operation of the Nostrand avenue car is not now under consideration. In the view taken it is apparent that practical men might reasonably conclude that the deceased exercised all the caution which was to have been expected of him under the circumstances created by the defendant's wrongful act of violence, and that, therefore, contributory negligence could not be predicated as matter of law. If he was blameless in a legal sense for his act in stepping in front of the Nostrand avenue

car, then the jury might properly determine under suitable instruction that the act of the motorman in kicking him off the Lorimer street car was negligence imputable to the defendant, wholly independent of any question of negligence in the operation of the car by which he was killed.

The judgment should be reversed.

GOODRICH, P. J., BARTLETT, WOODWARD and SEWELL, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.